



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**CHRISTOPHER M. HODGE**                                    CIVIL ACTION

**VERSUS**                                                  NO. 04-0965

**RICHARD L. STALDER, ET AL.**                              SECTION "A" (3)

### REPORT AND RECOMMENDATION

In connection with this lawsuit filed pursuant to 42 U.S.C. § 1983, plaintiff, Christopher M. Hodge, a state prisoner, has filed a motion for a preliminary injunction.[1] The United States District Judge has referred that motion to the undersigned United States Magistrate Judge for hearing, including an evidentiary hearing, if necessary, and submission of findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B).[2]

Under the law of this Circuit, plaintiff must make a clear showing that his case satisfies the following four criteria before he can receive a preliminary injunction: (1) a substantial likelihood exists that plaintiff will succeed on the merits of his claim; (2) a substantial threat of irreparable harm exists if the injunction is not granted; (3) the threatened injury outweighs any harm to the

---

[1] Rec. Doc. 27.

[2] Rec. Doc. 38.



DATE OF MAILING  FEB - 1 2005

defendants if the injunction is granted; and (4) the injunction will not undermine the public interest. See Valley v. Rapides Parish School Board, 118 F.3d 1047, 1051 (5th Cir. 1997); see also Ingebresten v. Jackson Public School District, 88 F.3d 274, 278 (5th Cir. 1996); Doe v. Duncanville Independent School Dist., 994 F.2d 160, 163 (5th Cir. 1993); Holland American Ins. Co. v. Succession of Roy, 777 F.2d 992, 997 (5th Cir. 1985). The movant must satisfy all four factors; a failure to satisfy even one of the four factors requires a denial of the preliminary injunction. See Mississippi Power & Light v. United Gas Pipe Line Co., 760 F.2d 618, 621 (5th Cir. 1985).

The United Stated Fifth Circuit Court of Appeals has frequently cautioned that a preliminary injunction is an "extraordinary remedy," which should be granted only if the movant has clearly carried the burden of persuasion on all four of the above prerequisites. See, e.g., Cherokee Pump & Equipment Inc. v. Aurora Pump, 38 F.3d 246, 249 (5th Cir. 1994) (quoting Mississippi Power & Light, 760 F.2d 618). As a result, "[t]he decision to grant a preliminary injunction is to be treated as the exception rather than the rule." Id.; see also House the Homeless, Inc. v. Widnall, 94 F.3d 176, 180 (5th Cir. 1996).

That extraordinary remedy is not warranted in this case. In a Report and Recommendation dated October 19, 2004, the undersigned has already recommended that all of plaintiff's claims be dismissed except for his retaliation claim against Ronald Dedon.[3] Plaintiff's instant motion concerns matters completely unrelated to that sole claim which should be allowed to proceed. Therefore,

---

[3] Rec. Doc. 25. That Report and Recommendation is currently pending before the United States District Judge.

2

plaintiff cannot establish that there is a substantial likelihood that he will succeed on the merits of the claims related to the matters for which he seeks immediate injunctive relief.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's motion for a preliminary injunction be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this __31__ day of __January__, 2005.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**