UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHRISTOPHER M. HODGE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 04-0965** |
| **RICHARD L. STALDER, ET AL.** | **SECTION "A" (3)** |

## ORDER AND REASONS

Plaintiff, Christopher M. Hodge, a state prisoner, filed this *pro se* and *in forma pauperis* civil action pursuant to 42 U.S.C. § 1983. Plaintiff named as defendants Richard L. Stalder, James D. Miller, Capt. John Tuttlos, Lt. Mitchell, Master Sergeant Petters, Master Sergeant Jackson, Wayne Seal, J.P. Miller, Keith Beckham, and Ronald Dedon. All of plaintiff's claims have been dismissed except for his retaliation claim against Dedon.[1]

Dedon has now filed a motion for summary judgment pursuant to Fed.R.Civ.P. 56 with respect to that claim.[2] Plaintiff has opposed that motion.[3] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge.[4]

The principal purpose of Fed.R.Civ.P. 56 is to isolate and dispose of factually unsupported claims. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). In reviewing a motion for summary

---

[1] Rec. Doc. 48.

[2] Rec. Doc. 75.

[3] Rec. Doc. 87.

[4] Rec. Doc. 56.

judgment, the Court may grant judgment when no genuine issue of material fact exists and the mover is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). "Procedurally, the party moving for summary judgment bears the initial burden of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact." Taita Chemical Co., Ltd. v. Westlake Styrene Corp., 246 F.3d 377, 385 (5th Cir. 2001) (quotation marks and brackets omitted). The party opposing summary judgment must then "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex, 477 U.S. at 324 (quoting Fed.R.Civ.P. 56); see also Provident Life and Accident Ins. Co. v. Goel, 274 F.3d 984, 991 (5th Cir. 2001). There is no "genuine issue" when the record taken as a whole could not lead a rational trier of fact to find for the nonmovant. Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Summary judgment will be granted against "a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. A complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. Id. at 322-23.

The Court has no duty to search the record for evidence to support a party's opposition to summary judgment. Ragas v. Tennessee Gas Pipeline Co., 136 F.3d 455, 458 (5th Cir. 1998). "The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which the evidence supports his or her claim." Id. Conclusory statements, speculation, and unsubstantiated assertions are not competent summary judgment

evidence and will not suffice to defeat a properly supported motion for summary judgment. Id.; Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415, 1429 (5th Cir. 1996). "[S]ummary judgment is appropriate in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." Little v. Liquid Air Corp., 37 F.3d 1069, 1075-76 (5th Cir. 1994) (emphasis deleted) (internal quotation marks omitted).

In the complaint, plaintiff makes the following allegations with respect to his remaining claim: On November 18, 2003, plaintiff filed an administrative grievance against Master Sergeant Ronald Dedon. On November 24, 2003, Dedon, in retaliation for the grievance filed against him, falsely accused plaintiff of violating the prison's rules against possession of contraband, accusing him of possessing an ink pen with two razor blades sticking out from it. On that same date, a disciplinary proceeding was held, and plaintiff was found guilty of the infraction. However, he successfully appealed that conviction, and the matter was remanded for rehearing. A new disciplinary proceeding was held on January 9, 2004, and the disciplinary charges were dismissed.

In its previous Report and Recommendation,[5] which was essentially adopted by the United States District Judge,[6] the undersigned made two findings with respect to this claim.

First, this Court rejected Dedon's argument that plaintiff failed to state a cognizable claim, noting that "[t]he law of this circuit is clearly established ... that a prison official may not retaliate against or harass an inmate ... for complaining to a supervisor about a guard's misconduct." Woods v. Smith, 60 F.3d 1161, 1164 (5th Cir. 1995). This Court found that plaintiff had, as required, alleged "a chronology of events from which retaliation may plausibly be inferred." Id. at 1166.

---

[5] Rec. Doc. 25.

[6] Rec. Doc. 48.

Second, this Court also rejected Dedon's argument that the claim against him should be dismissed based his assertion of qualified immunity. The Court found that plaintiff's allegations, taken in the light most favorable to him, would support a finding that Dedon's conduct violated plaintiff's constitutional right to be free from retaliation. The Court further found that, if plaintiff's allegations were true, it would be clear to a reasonable officer that Dedon's conduct was unlawful.

Dedon now argues that the complaint fails to specify whether he is being sued in his individual or official capacity. Therefore, he argues, based on authorities from other jurisdictions, that claim against him must be interpreted as an official-capacity claim and dismissed based on the Eleventh Amendment. The Court need not reach the question of law Dedon presents, in that his argument is clearly wrong as a matter of fact. In the memorandum attached to and made part of the complaint form, plaintiff clearly states that he is suing Dedon in his individual capacity.[7]

Dedon also argues, however, that plaintiff's claim must be dismissed because he seeking damages for purely mental or emotional injuries. Federal law provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The Court finds that Dedon's argument on this point has merit.

Arguably, it may seem counterintuitive that a prisoner's damage claim for a purely nonphysical form of retaliation would be barred unless he can show a physical injury suffered in connection with the claim. Nevertheless, this Court finds that is in fact the result mandated by the decision of the United States Fifth Circuit Court of Appeals in Geiger v. Jowers, 404 F.3d 371 (2005). In Geiger, the plaintiff alleged, *inter alia*, that prison officials had improperly withheld his

---

[7] Rec. Doc. 1, attached petition for damages, p. 3.

mail. That allegation was construed as a First Amendment mail-tampering claim. The district court rejected that claim because the plaintiff failed to meet the § 1997e(e) physical injury requirement. The Fifth Circuit affirmed, holding:

> We agree with the majority of the other federal circuits that have addressed this issue in holding that it is the nature of the relief sought, and not the underlying substantive violation, that controls: Section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury.

Id. at 375 (footnote omitted). Therefore, plaintiff, who does not allege that he suffered any physical injury with respect to the allegedly retaliatory disciplinary charge, simply cannot recover the compensatory damages he seeks in this lawsuit.[8]

Accordingly, the motion for summary judgment filed by Ronald Dedon is **GRANTED** and the claim against him is hereby **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this twenty-third day of May, 2006.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[8] Although plaintiff also requested declaratory and injunctive relief with respect to some of his other claims, he did not do so with respect to the retaliation claim asserted against Dedon. Because plaintiff requested only monetary damages against Dedon, § 1997e(e) bars relief.